CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 0 3 2006

JOHN F. CORCORAN, CLERK
BY:
　　DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BOBBY LEE TYREE, )<br>　　Plaintiff, ) | Civil Action No. 7:06CV00075 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| CHRIS WEBB, et al., ) | By: Hon. Glen E. Conrad |
| 　　Defendants. ) | United States District Judge |

The plaintiff, Bobby Lee Tyree, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. Having reviewed the complaint, the court concludes that the plaintiff has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss his complaint pursuant to 28 U.S.C. § 1915A(b)(1).

### Background

The plaintiff is incarcerated at Blue Ridge Regional Jail in Lynchburg, Virginia. The plaintiff alleges that on the evening of July 27, 2005, Corporal Scott closed the sliding steel doors to the plaintiff's cell without providing any warning. As a result, the plaintiff became caught between the doors, and "seriously bruised" his forearm and back. The plaintiff alleges that he asked Corporal Scott why he failed to give the plaintiff a warning before he closed the doors. Corporal Scott told the plaintiff that he thought he was closing the doors to the neighboring cell.

The following day, the plaintiff was prescribed Ibuprofen for pain. The plaintiff alleges that Sergeant Palmer refused to give him the medication on July 28, 2005 and told the plaintiff that he did not need the medication. The plaintiff has attached documentation demonstrating that the jail paid for prescription medication in September and October of 2005. The plaintiff notes that the medication was paid for because of the "accident."

## Discussion

In order to state a cause of action under § 1983, the plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Having reviewed the plaintiff's allegations, the court concludes that the plaintiff has failed to allege facts sufficient to establish a violation of his constitutional rights.

It is well settled that a prison official may violate the Eighth Amendment to the United States Constitution if the official shows a deliberate indifference to an inmate's serious injury or safety. See Young v. City of Mt. Ranier, 238 F.3d 567, 575 (4th Cir. 2001) (explaining that the deliberate indifference standard for claims alleging inadequate medical care is also applicable when prison officials fail to protect inmates from other sources of harm). "Deliberate indifference requires a showing that the [prison officials] actually knew of and disregarded a substantial risk of serious injury to the [inmate]...." Id. at 575-576.

Applying these principles to the plaintiff's allegations, the court concludes that the plaintiff has failed to allege facts sufficient to permit an inference that Corporal Scott acted with deliberate indifferent to the plaintiff's safety. The plaintiff's complaint does not include facts that would suggest that Corporal Scott was aware that he was shutting the steel doors to the plaintiff's cell or that he knew that the plaintiff risked being caught between the doors. Instead, the plaintiff indicates that the officer thought he was closing the door to a neighboring cell. At most, the plaintiff's allegations are sufficient to state a claim for negligence against Corporal Scott, which is not actionable under § 1983. See Daniels v. Williams, 474 U.S. 327, 336 (1986); Young, 238 F.3d at 575.

The court also concludes that the plaintiff has failed to allege facts sufficient to permit an inference that Sergeant Palmer acted with deliberate indifferent to a serious medical need. The allegation that Palmer refused to give the plaintiff Ibuprofen on one particular date is simply insufficient. Although the plaintiff alleges that his back and forearm were "seriously bruised," the plaintiff does not indicate that he was exhibiting any symptoms that required immediate medical attention. See Martin v. Gentile, 849 F.2d 863, 871 (4th Cir. 1988) (finding "no serious medical needs," and hence no constitutional violation, where a pretrial detainee had a cut over one eye, a quarter-inch piece of glass in his palm, and bruises on his shoulders and elbows for fourteen hours before he received treatment). Moreover, the plaintiff does not allege that he suffered any adverse effects from not receiving the requested medication. Thus, the court concludes that the plaintiff's deliberate indifference claims must be dismissed.

For the reasons stated, the court will dismiss the plaintiff's complaint for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendants.

ENTER: This 3rd day of February, 2006.

*[signature]*
United States District Judge